## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

LORA JOHANSEN,

           Plaintiff,

      v.

COMBINED METALS OF CHICAGO,
L.L.C. DBA ELGILOY SPECIALTY
METALS,

           Defendant.

Case No. 1:22-cv-00326

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant COMBINED METALS OF CHICAGO, L.L.C. ("CMC"), by and through its

attorneys, Seyfarth Shaw, LLP, and for its Answer to Plaintiff's Complaint states as follows:

### Parties [sic] Citizenship

### COMPLAINT ¶1:

Plaintiff, Lora Johansen, is a female citizen of the State of Illinois and was 63 years old at
the time of her termination from employment with defendant.

### ANSWER:

CMC admits that Plaintiff is a female and was 63 years old at the time her employment

with CMC was terminated. CMC lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph No. 1.

### COMPLAINT ¶2:

Defendant, Combined Metals of Chicago, L.L.C. does business as Eligiloy [sic] Specialty
Metals and is situated at One Hauk road, Hampshire, Il 60140.

**ANSWER:**

CMC admits that its Corporate Office is located at One Hauk Drive, Hampshire, IL

60140. CMC further admits that Elgiloy Specialty Metals is a division of CMC, and that CMC

does, at times, do business as Elgiloy Specialty Metals. CMC denies any remaining allegations in

Paragraph No. 2.

**Jurisdiction and Venue**

**COMPLAINT ¶3:**

This Court has jurisdiction over the matters in controversy in this case based upon
Diversity Jurisdiction pursuant to United States Code 28 U.S.C. 1331 because the claims in this
case arise under federal law and in particular, Tide VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. §2000e et seq., and the Age Discrimination in Employment Act, 29 USC
§621, et seq.

**ANSWER:**

CMC does not dispute that this Court has jurisdiction over the claim Plaintiff asserts,

which arises under the ADEA, a federal statute. CMC denies that the Court has diversity

jurisdiction, or that 28 U.S.C. § 1331 governs diversity jurisdiction. Because it has been

voluntarily dismissed (ECF No. 22), CMC denies that Plaintiff asserts a claim under Title VII.

CMC denies that Plaintiff, in fact, has a claim under the ADEA, and denies that Plaintiff is

entitled to any relief whatsoever. CMC denies any remaining allegations in Paragraph No. 3.

**COMPLAINT ¶4:**

Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the
events giving rise to the claims in this Complaint occurred in this District and as discussed
above, because Defendants are subject to the Court's personal jurisdiction in this District.

**ANSWER:**

CMC does not dispute that venue is proper in this district, or that the Court has personal

jurisdiction over CMC. CMC denies the remaining allegations in Paragraph No. 4, and denies

that any events giving rise to the claim asserted in the Complaint occurred. CMC denies any

remaining allegations in Paragraph No. 4.

**COMPLAINT ¶5:**

Plaintiff exhausted her administrative remedies by timely filing a complaint with the
EEOC and obtained a "Right to sue Letter dated September 30, 2021.

**ANSWER:**

CMC admits that Plaintiff filed a charge of discrimination with the EEOC, and that the

EEOC subsequently issued a "Dismissal and Notice of Rights" with respect to Plaintiff's Charge,

which was dated September 30, 2021. The remaining allegations in Paragraph No. 5 constitute

legal conclusions, to which no response is required. To the extent a response is required, CMC

denies the remaining allegations in Paragraph No. 5.

**COMPLAINT ¶6:**

Plaintiff was hired by Defendant in February 2005 and continued her employment with
Defendant until June 2021.

**ANSWER:**

CMC admits that Plaintiff began her employment on February 14, 2005. CMC denies the

remaining allegations in Paragraph No. 6.

**COMPLAINT ¶7:**

During the 15 plus years plaintiff was employed she routinely received praise and
satisfactory job performance reviews.

**ANSWER:**

CMC lacks knowledge or information sufficient to form a belief as to what Plaintiff

considers to be "routinely," or "praise." CMC admits that Plaintiff received performance reviews

during her employment with CMC. Those performance reviews are written documents that speak

for themselves, and are the best evidence of their contents. To the extent Plaintiff's allegations

misstate or mischaracterize the contents of her performance reviews, CMC denies those

allegations. CMC denies the remaining allegations in Paragraph No. 7.

**COMPLAINT ¶8:**

Plaintiff was discharged form her employment with defendant Combined Metals of Chicago, LLC DBA Elgiloy Specialty Metals.

**ANSWER:**

CMC admits that Plaintiff's employment with CMC was terminated as part of a reduction

in force. CMC denies the remaining allegations in Paragraph No. 8.

**COMPLAINT ¶9:**

In February 2017, Defendant issued a letter to its customers identifying that Lora Johansen had been with Defendant for 12 years and "covered the most demanding territory in the United States and the UK." Said letter further acknowledged her excellent service on behalf of Defendant.

**ANSWER:**

The allegations in Paragraph No. 9 purport to recite the contents of a written document

that speaks for itself. To the extent those allegations misstate or mischaracterize the contents of

the document, CMC denies the allegations in Paragraph No. 9.

**COMPLAINT ¶10:**

In 2016, Plaintiff required medical treatment. As part of that treatment Plaintiff had to consume large quantities of liquids, which prompted a need to use the restroom when arriving at work.

**ANSWER:**

CMC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph No. 10.

**COMPLAINT ¶11:**

Defendant alleged that the time spent in the bathroom in connection with her medical treatment was indicative of having not arrived timely for work for an infraction of just a few minutes, whereas younger workers were not disciplined for actually arriving late to work.

79405859v.2

**ANSWER:**

CMC denies the allegations in Paragraph No. 11.

**COMPLAINT ¶12:**

Defendant's other employees were not treated the same way for their minor infractions.

**ANSWER:**

CMC denies the allegations in Paragraph No. 12.

**COMPLAINT ¶13:**

In each year Plaintiff received glowing reviews for her work performance.

**ANSWER:**

CMC denies the allegations in Paragraph No. 13.

**COMPLAINT ¶14:**

Plaintiff was asked by both Mike Phillip and Nick Choban together in Mike's office in the later part of 2019 whether or not Plaintiff was planning on retiring soon and indicated If Plaintiff was retiring, they said they would like at least six (6) months [sic] notice to start training a replacement for Plaintiffs [sic] position.

**ANSWER:**

CMC admits that, at some point in 2019, Phillip and Choban were informed that Plaintiff

had spoken with certain co-workers and stated that she was planning to retire. CMC further

admits that, in response to reports of those plans, Phillip and Choban met with Plaintiff to ask if

she, in fact, planned to retire, to determine the impact of Plaintiff's plans on department staffing.

CMC denies any remaining allegations in Paragraph No. 14.

**COMPLAINT ¶15:**

During the course of plaintiff's employment, she received accolades for my strong work performance and good reviews listing my strengths.

**ANSWER:**

CMC denies the allegations in Paragraph No. 15.

**COMPLAINT ¶16:**

In 2019, Nick Choban, Defendant's key manager, appeared to find Jackie Becker attractive. He mentioned on a company lunch outing while in the car with several employees, that he would like to see Jackie in her "Daisy Dukes".

**ANSWER:**

CMC denies that it was ever made aware of any alleged statement by Nick Choban that he wanted to see Jackie Becker in her "Daisy Dukes." Answering further, CMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 16.

**COMPLAINT ¶17:**

Because of Plaintiffs [sic] Age, Nick Choban lacked the same sexual interest in Plaintiff.

**ANSWER:**

CMC lacks knowledge or information sufficient to form a belief as to the truth of allegations about Choban's "sexual interest," or lack thereof, in anyone, or the alleged reasons therefor. CMC denies any remaining allegations in Paragraph No. 17.

**COMPLAINT ¶18:**

Under Nick Choan's [sic] management, Mr. Choban commenced a "Boys Club where male employees were selected to interact socially with Mr. Choban.

**ANSWER:**

Because Plaintiff has voluntarily dismissed her Title VII claims (ECF No. 22), no response to this Paragraph is required. To the extent a response is required, CMC denies the allegations in Paragraph No. 18.

**COMPLAINT ¶19:**

The exclusion of Plaintiff of involvement in the "Boys Club" led to opportunities for male employees and the isolation of Plaintiff in her employment activities.

79405859v.2

**ANSWER:**

Because Plaintiff has voluntarily dismissed her Title VII claims (ECF No. 22), no

response to this Paragraph is required. To the extent a response is required, CMC denies the

allegations in Paragraph No. 19.

**COMPLAINT ¶20:**

Plaintiff reported sexist and age discriminatory behavior to Kyle Sixt of Human
Resources in person and he elected to do nothing.

**ANSWER:**

CMC denies the allegations in Paragraph No. 20.

**COMPLAINT ¶21:**

Plaintiff used a purportedly confidential hotline set up by Defendant to report comments
made concerning older workers as being incompetent because of their age and the it later became
known to the employees that the confidential promise of the Hot line was a mere farce and
contrived to get employees to make comments under the illusion that they would not be
retaliated against for making a submission on the hot line as promised.

**ANSWER:**

CMC lacks knowledge to sufficiently form a belief as to the truth of allegations that

Plaintiff anonymously reported any information to a confidential hotline. CMC denies all

remaining allegations in Paragraph No. 21.

**COMPLAINT ¶22:**

Even though the specific tasks were accomplished, and the Defendants acknowledged
Plaintiff meet the expectations for timely entering orders correctly the first time.

**ANSWER:**

CMC lacks knowledge or information sufficient to form a belief as to what is being

alleged in Paragraph No. 22, and so lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph No. 22.

**COMPLAINT ¶23:**

In December 2020 (just six months prior to Plaintiffs Termination by Defendant) Defendants acknowledged that plaintiff did a great job and had zero departures from the expected performance. (i.e. perfect work).

**ANSWER:**

CMC denies the allegations in Paragraph No. 23.

**COMPLAINT ¶24:**

Defendant used the pre-text of Covid as a basis for Plaintiffs termination.

**ANSWER:**

CMC denies the allegations in Paragraph No. 24.

**COMPLAINT ¶25:**

However, Defendant did not suffer any substantial economic loss related to Covid.

**ANSWER:**

CMC denies the allegations in Paragraph No. 25.

**COMPLAINT ¶26:**

Defendant obtained Covid funds from the Federal government in the form of a PPP loan and that loan was sufficient to remedy any Covid related loss.

**ANSWER:**

CMC denies the allegations in Paragraph No. 26.

**COMPLAINT ¶27:**

During the return form the Covid work stoppage, Plaintiffs [sic] sales exceeded prior sales.

**ANSWER:**

CMC denies the allegations in Paragraph No. 27.

**COMPLAINT ¶28:**

Therefore, the COVID reason for Plaintiffs termination was simply a pretext for the actual discriminatory intent.

**ANSWER:**

CMC denies the allegations in Paragraph No. 28.

**COMPLAINT ¶29:**

Upon information and belief, Defendant hired younger worker to replace Plaintiff after her termination.

**ANSWER:**

CMC denies that it has hired anyone to replace Plaintiff, and denies the remaining allegations in Paragraph No. 29.

**COMPLAINT ¶30:**

Younger and male workers were not subjected to the same treatment as plaintiff.

**ANSWER:**

Because Plaintiff has voluntarily dismissed her Title VII claims (ECF No. 22), no response to her sex discrimination allegations are required. To the extent a response is required, CMC denies the allegations in Paragraph No. 30. CMC further denies the allegations that younger workers were treated differently than Plaintiff.

**COMPLAINT ¶31:**

Plaintiff suffered damages in the form of loss of employment and economic harm in loosing benefits related to her employment.

**ANSWER:**

CMC denies the allegations in Paragraph No. 31.

**PRAYER FOR RELIEF:**

Wherefore, Plaintiff prays this honorable court to award Plaintiff Damages in an amount to be determined at trial of this matter.

9

79405859v.2

**ANSWER:**

The foregoing paragraph constitutes a prayer for relief, to which no response is required. To the extent a response is required, CMC denies the allegations in the Prayer for Relief, and deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

CMC asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff. CMC's investigation of Plaintiff's claims is ongoing, and CMC therefore reserves the right to add and/or amend defenses should CMC later discover facts demonstrating the existence of additional defenses.

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, because her damages, if any, were caused by her own conduct, acts, or omissions.

3.      Plaintiff's claims are barred, in whole or in part, because CMC exercised reasonable care to prevent and correct promptly any alleged discriminatory, retaliatory, or harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to avoid harm otherwise.

4.      Plaintiff's claims are not actionable because the practices challenged in Plaintiff's Complaint are justified by legitimate, non-discriminatory, and non-pretextual business reasons.

5.      To the extent Plaintiff has failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

6.      CMC had legitimate, non-discriminatory reasons for all of its actions.

7.      To the extent Plaintiff alleges that any employee of CMC acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's

employment, was not authorized or condoned by CMC, and was undertaken without the knowledge or consent of CMC; thus, CMC is not liable for any such conduct, if it occurred.

8.      Plaintiff's claims, in whole or in part, are barred by her failure to have exhausted her federal, state or local administrative remedies.

9.      Plaintiff's claims are barred to the extent she engaged in any fraud or misconduct of which CMC was unaware, and which if known, would have caused Plaintiff to be terminated or not hired in the first place.  Alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

10.      Plaintiff is not entitled to punitive damages because CMC made good faith efforts to comply with all applicable laws.

WHEREFORE, CMC respectfully requests that the Court deny the relief prayed for in Plaintiff's Complaint, dismiss this action with prejudice, and award CMC such relief as the Court deems just and equitable.

79405859v.2

**DATED: May 26, 2022**

By: */s/ Thomas M. Horan*

One of Its Attorneys

Mark A. Lies, II
mlies@seyfarth.com
Thomas M. Horan
thoran@seyfarth.com
Saman Haque
shaque@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:      (312) 460-7000

12