UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORA JOHANSEN, )<br>   PLAINTIFF, )<br>)<br>v. )<br>)<br>Combined Metals of Chicago )<br>)<br>   DEFENDANT )| Case No. CASE NO. 1:22-CV-00326 |

## MOTION TO WITHDRAW

NOW COMES Robert T. Hanlon, counsel for Plaintiff, Lora Johansen, with his motion to withdraw in the above entitled action and in support thereof states as follows:

1. Attorney Hanlon has been appointed as State's Attorney for Shelby County, Illinois, due to a vacancy.

2. The Illinois Counties Code has a prohibition on persons sworn as the State's Attorney from engaging in private practice of law. See 55 ILCS 5/4-2001(b).

3. The prior State's Attorney for Shelby County resigned on December 31, 2022 and the entire State's Attorney's Office (assistants and support staff) severed their employment contemporaneously with the resignation of the State's Attorney.

4. The 4th Illinois Circuit Court declared the vacancy in January, 2023, which requires that Attorney Hanlon be sworn in as State's Attorney on or before February 24, 2023.

5. Thus, after February 24, 2023, Attorney Hanlon will be prohibited by law from practicing before this Court on behalf of private litigants, including Plaintiffs.

6. In order to comply with the statutory prohibition against the private practice of law by a sitting State's Attorney, Plaintiff's counsel must withdraw from this action.

7. Attorney Hanlon has been in contact with other attorneys and believes that Plaintiffs will be able to secure replacement counsel within 30 days.

8. There is no prejudice to Defendants. On Tuesday February 7, 2023 Lora Johansen sat for her deposition in this case and opposing counsel was able to make full and complete inquiry of Ms. Johansen, with respect to the claims and defenses in this case. Ms. Johansen cooperated fully and the Deposition was completed without a contentious setting.

WHEREFORE, Attorney Hanlon prays this honorable court to grant him leave to withdraw his appearance.

Respectfully submitted,

Robert T. Hanlon
By: */s/ Robert T. Hanlon*
Attorney for Plaintiffs

Robert T. Hanlon, ARDC #6226331
LAW OFFICES OF ROBERT T. HANLON
 & ASSOCIATES, P.C.
131 East Calhoun Street
Woodstock, IL  60098
(815) 206-2200; (815) 206-6184 (Fax)
robert@robhanlonlaw.com

## **CERTIFICATE OF SERVICE**

      I, Robert T. Hanlon, an attorney served the foregoing instrument upon all counsel of record utilizing the CM/ECF System on February 12, 2023.

      In addition, to service of this motion upon counsel of Record, Attorney Hanlon has personally served a copy of this Motion upon Plaintiffs as well as by e-mail at the address he has communicated with Plaintiffs.

      */s/ Robert T. Hanlon*

Robert T. Hanlon, ARDC #6226331
LAW OFFICES OF ROBERT T. HANLON
 & ASSOCIATES, P.C.
131 East Calhoun Street
Woodstock, IL  60098
(815) 206-2200; (815) 206-6184 (Fax)
robert@robhanlonlaw.com

# EXHIBIT A (RESPONSE)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

GIANELLI'S DRIVE THRU, LLC, ET AL, )
)
       PLAINTIFFS, )
)
v. )   Case No. CASE NO. 3:21-CV-50332
)
VILLAGE OF PRAIRIE GROVE )
)
       DEFENDANT. )

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COME Plaintiffs, GIANELLI'S DRIVE THRU, LLC AND TERRY TROBIANI, by and through their attorney, LAW OFFICES OF ROBERT T. HANLON & ASSOCIATES, P.C., with their Response to Defendants' motion to dismiss (Dkt 58) and in opposition thereto state as follows:

**Introduction**

Defendant contends that the prayer for relief of Plaintiffs' complaint is moot on the basis that the Defendants changed their ordinance in response to the prior complaint. Defendants also seek dismissal on the basis of a purported lack of standing. Defendants are incorrect. As alleged in the operative complaint, Defendants engaged in a campaign to harass plaintiffs and even manufactured claims such as the administrators hand written adjustments to the Villages ordinance, delivery of two tickets for displaying the American flag. Moreover, Defendant's animus toward Plaintiffs continues with further threatened enforcement of the respective ordinance sections. The changes to Defendants' ordinances may facially alter the ordinance from its original confused state, but the issues remain with respect to the ordinances. Plaintiffs' particularized injury is that his speech has been thwarted and continues to be thwarted, thus the

issues are not moot and Plaintiffs have standing. The fact remains that the Plaintiffs' speech remains hindered, thus under, the new ordinances adopted by the Village place Plaintiff with a particularized injury with a prior restraint on Plaintiffs speech.

**This Case is not Moot**

Defendant cites to *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003) for the proposition that when an ordinance is repealed during the pendency of litigation that generally moots a case. The operative words in Defendant's arguments are "generally" and "repealed". In this case, Defendants did not simply repeal its flag regulations. Rather, Defendants manufactured new ordinance that equally restricts Plaintiffs speech. Mootness doctrine is a principle of judicial procedure whereby courts will not decide cases in which there is no longer any actual controversy. See *De Funis v. Odegaard*, 416 U.S. 312 (U.S. 1974). *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (quoting *Already*, 568 U.S. at 91). *See also, e.g.*, *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (per curiam) (Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.); *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978) (Mootness implicates jurisdiction.);
In this case there remains a controversy. That controversy is the prior restraint upon Plaintiffs speech and redress for the restraint on Plaintiffs speech. The Supreme Court addressed the same type of situation in *New York State Rifle & Pistol Association, Inc. v. City of New York*. There the court reasoned that the mootness doctrine does not apply because Petitioners' injuries have not been sufficiently addressed. In this case, Plaintiffs alleged a unlawful restraint on speech, an enumerated right. But see *Dobbs v. Jackson Women's Health Organization* (2022).

However, Defendant's argument simply presupposes that amending the ordinance discharges the Defendant from liability. Defendants position is overly simplistic. That is because Defendants ignore that Defendants restrained Plaintiffs freedom of speech for which the historical deprivation does not remedy the injury and the revised ordinance continues to restrain plaintiffs speech..

**Plaintiffs Have Standing.**

In *Lujan v. Defenders of Wildlife* (90-1424), 504 U.S. 555 (1992), the Supreme Court created a three-part test to determine whether a party has standing to sue:

1. The plaintiff must have suffered an "injury in fact," meaning that the injury is of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent
2. There must be a causal connection between the injury and the conduct brought before the court
3. It must be likely, rather than speculative, that a favorable decision by the court will redress the injury

Defendants fail to address the three part test established in *Lujan* in its motion and basically punt to this Court its obligation to meet its burden and apply the test. The failure to address the three prong test for standing constitutes a waiver of the argument. Defendants summarily assume a lack of standing because Defendants contend that the application of Defendants laws is directed solely at Plaintiffs. Within the very sections of plaintiffs' complaint cited by Defendants, Defendants alert this Court to Plaintiffs particularized injury. In this case both Terry Trobiani and Gianelli's Drive Thru LLC had their respective speech restrained, a particularized injury satisfying the first part of the three part test. Moreover, as shown in the complaint Trobiani qualifies as the purported unlawful human sign that the Defendant seeks to regulate. See SAC ¶22.

Further the complaint alleges a causal connection between the injury of the restraint in speech is directly related to Defendant's conduct satisfying the second test under Lujan.

Finally, the third prong of the test is satisfied because if the court granted the relief sought, injunctive relief sought and the compensation of the injury to the rights of the Plaintiffs the injury would be redressed.

WHEREFORE, Plaintiffs pray that this honorable court deny Defendant's Motion to Dismiss.

        Respectfully submitted,

        GIANELLI'S DRIVE THRU, LLC
        AND TERRY TROBIANI


        By: */s/ Robert T. Hanlon*
        Attorney for Plaintiffs



Robert T. Hanlon, ARDC #6226331
LAW OFFICES OF ROBERT T. HANLON
 & ASSOCIATES, P.C.
131 East Calhoun Street
Woodstock, IL  60098
(815) 206-2200; (815) 206-6184 (Fax)
robert@robhanlonlaw.com

## **CERTIFICATE OF SERVICE**

      I, Robert T. Hanlon, an attorney served the foregoing instrument upon all counsel of record utilizing the CM/ECF System on February 6, 2023.

*/s/ Robert T. Hanlon*

Robert T. Hanlon, ARDC #6226331
LAW OFFICES OF ROBERT T. HANLON
 & ASSOCIATES, P.C.
131 East Calhoun Street
Woodstock, IL  60098
(815) 206-2200; (815) 206-6184 (Fax)
robert@robhanlonlaw.com